**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

IRENE EVANS,

        Plaintiff,

   v.

UNITED STATES POSTAL SERVICE, et al.,

        Defendants.

Case No. 1:20-cv-720

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Proceeding pro se, Plaintiff filed suit against the United States Postal Service ("USPS") and one of its employees, Jeffery John Oliver, in Hamilton County Municipal Court. Defendants removed the case to this Court on September 15, 2020. The matter has been referred to the undersigned for initial review of a motion to dismiss, to which Plaintiff failed to timely respond. On December 30, 2020, the Court ordered Plaintiff to "show cause" why the motion should not be granted for the reasons stated. (Doc. 5). Plaintiff failed to respond to the "show cause" order. Therefore, the undersigned now recommends that Defendant's motion be **GRANTED**.

Plaintiff's state court amended complaint alleges as follows: "Defendant failed to stop for red traffic light, resulting in hitting my vehicle." (Doc. 2). As relief, Plaintiff seeks six thousand dollars in monetary damages against the United States Postal Service and/or the presumed driver of the postal vehicle. (*Id.*) The USPS is part of the executive branch of the United States. *See* 39 U.S.C. § 201.

The United States is entitled to sovereign immunity in the absence of a waiver. *Dolan v. USPS*, 546 U.S. 481, 484 (2006). "Sovereign immunity is jurisdictional in nature ... [and] the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Jabbar v. United States Postal Service*, Case No. 2:19-cv-1135, 2019 WL 4242743, at *2 (S.D. Ohio 2019) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). The United States has consented to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2679 *et seq.*, but only if a plaintiff complies with certain conditions prior to filing suit. The FTCA's limited waiver of immunity provides the exclusive method by which a plaintiff can assert tort claims against the United States arising from the conduct of a federal employee, including a USPS employee.[1]

In this case, Plaintiff has failed to comply with the conditions to suit mandated by the FTCA. For example, the only appropriate defendant under the FTCA is the United States. *See* 28 U.S.C. § 2679(a); *Algeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.") (internal citation omitted). Plaintiff has named the USPS instead of the United States as the sole proper Defendant.

In addition, this federal court may assume jurisdiction over an FTCA claim only *after* a plaintiff first submits an administrative tort claim to the relevant federal agency and is denied relief at the administrative level. 28 U.S.C. § 2675(a). Thus, a plaintiff must first file an administrative tort claim and exhaust her administrative remedies under the

---

[1] Only the USPS has been served to date. Although Plaintiff amended her complaint to add Jeffery John Oliver as a defendant, she has never served him. Even if she had served him, however, her claims would be barred because the exclusive remedy for all common law torts alleged to have been committed by a federal employee acting within the scope of his office or employment is a claim against the United States under the FTCA, and the United States is the sole proper party. *See* 28 U.S.C. § 2679(b)(1). Therefore, Defendant's motion applies to all claims asserted in this case.

FTCA before initiating a negligence suit against the United States.  *Schaefer v. Hills*, 416 F. Supp. 428, 429 (S.D. Ohio 1976).  "The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." *Tornichio v. United States*, 263 F.Supp.2d 1090, 1099 (N.D. Ohio 2002) (citing *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980 (1993)); *accord Jabber*, 2019 WL 4242743 at *2.  Plaintiff's failure to submit an administrative tort claim to the USPS prior to filing this lawsuit confirms this Court's lack of subject matter jurisdiction over Plaintiff's claims.

Accordingly, **IT IS RECOMMENDED THAT** Defendant USPS's motion to dismiss (Doc. 4) be **GRANTED**, and that this case be dismissed without prejudice in its entirety for lack of jurisdiction.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| IRENE EVANS, | Case No. 1:20-cv-720 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4